UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: Shelley A. Stasson,                     Case No. 11-55117
                                                Chapter 7
    Debtor.                            Judge Thomas J. Tucker
_____/

Donald F. Basquin,

    Plaintiff,

v.                                              Adv. Pro. No. 11-6273

Shelly A. Stasson,

    Defendant.
_____/        Consolidated With:

Michigan Attorney Grievance Commission,

    Plaintiff,

v                                               Adv. Pro. No. 11-6390

Shelley A. Stasson,

    Defendant.
_____/

**OPINION REGARDING SUMMARY JUDGMENT MOTIONS**

    These consolidated adversary proceedings require the Court to decide whether an order issued by the Michigan Attorney Discipline Board, requiring an attorney to pay restitution and costs, created debts that are nondischargeable under 11 U.S.C. § 523(a)(7). The Court concludes that § 523(a)(7) does not apply to such debts.

    These cases came before the Court for a hearing on February 29, 2012, on two motions

for summary judgment: (1) Plaintiff Michigan Attorney Grievance Commission's motion for summary judgment, filed in Case No. 11-6273 (Docket # 45); and (2) Defendant Shelly A. Stasson's motion for summary judgment, filed in Case No. 11-6273 (Docket # 50). At the conclusion of the hearing, the Court took the motions under advisement. For the reasons stated in this opinion, the Court will deny Plaintiff Commission's motion, and grant Defendant Stasson's motion.

**I. Background and facts**

In these consolidated adversary proceedings, the Plaintiff in Adv. No. 11-6390 is the Michigan Attorney Grievance Commission (the "Commission"), and the Plaintiff in Adv. No. 11-6273 is Donald L. Basquin. The Defendant in each adversary proceeding, Shelley A. Stasson, is the Debtor in the Chapter 7 bankruptcy case that she filed on May 27, 2011. Ms. Stasson received a discharge in her bankruptcy case on August 30, 2011.

Plaintiffs each claim that certain debts owed by Defendant Stasson are nondischargeable under 11 U.S.C. § 523(a)(7). Plaintiff Basquin claims that Stasson's debt to him also is nondischargeable under 11 U.S.C. § 523(a)(4). The summary judgment motions, and this opinion, concern only § 523(a)(7).

The material facts are undisputed. The debts in question arise from an order of the State of Michigan Attorney Discipline Board. Beginning in November 1979, Defendant Stasson was an attorney licensed and practicing in Michigan. In 2007, Stasson was charged with professional misconduct by the Commission. Ultimately, the Michigan Attorney Discipline Board found against Stasson, and issued an Order on March 20, 2009, suspending Stasson's license for four years.

The Board's Order also required that Stasson "pay restitution to complainant Donald Basquin in the amount of $29,178.88," no later than May 20, 2009. And the Order required that Stasson pay "costs" to the State Bar of Michigan in the amount of $4,477.56, no later than September 20, 2009. The Order stated the following regarding the costs:

> IT IS FURTHER ORDERED that respondent shall, on or before September 20, 2009, pay costs previously assessed in the hearing panel order of November 26, 2008 in the amount of $4,384.56, together with costs incurred by the Attorney Discipline Board for the transcript of review proceedings conducted on March 11, 2009 in the amount of $93.00 for a total amount due of $4,477.56. Check or money order shall be made payable to the State Bar of Michigan, but submitted to the Attorney Discipline Board [211 West Fort St., Ste. 1410, Detroit, MI 48226] for proper crediting.[1]

It is undisputed that Defendant Stasson has not paid any of the restitution or costs as required by the Attorney Discipline Board's Order.

## II. Jurisdiction

This Court has subject matter jurisdiction over these adversary proceedings under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a)(E.D. Mich.). These are core proceedings under 28 U.S.C. § 157(b)(2)(I).

## III. Summary judgment standards

Fed.R.Civ.P. 56(a), applicable to bankruptcy adversary proceedings under Fed.R.Bankr.P. 7056, provides that a motion for summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149-50 (6th Cir. 1995), the court elaborated:

---

[1] Ex. 6 to Defendant's Motion for Summary Judgment (Docket # 50).

> The moving party has the initial burden of proving that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. To meet this burden, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the [trier of fact]. Essentially, a motion for summary judgment is a means by which to challenge the opposing party to 'put up or shut up' on a critical issue.
>
> If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by [the trier of fact]. In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party. However, if the evidence is insufficient to reasonably support a . . . verdict in favor of the nonmoving party, the motion for summary judgment will be granted. Thus, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff.
> . . .
> Finally, the Sixth Circuit has concluded that, in the "new era" of summary judgments that has evolved from the teachings of the Supreme Court in *Anderson* [*v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)], *Celotex* [*Corp. v. Catrett*, 477 U.S. 317 (1986)] and *Matsushita* [*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574 (1986)], trial courts have been afforded considerably more discretion in evaluating the weight of the nonmoving party's evidence. The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the nonmoving party, the motion should be granted.

*Id.* (internal quotation marks and citations omitted). In determining whether the moving party has met its burden, a court must "believe the evidence of the nonmovant, and draw all justifiable inferences in favor of the nonmovant." *Ingram v. City of Columbus*, 185 F.3d 579, 586 (6th Cir.1999)(relying on *Russo v. City of Cincinnati*, 953 F.2d 1036, 1041-42 (6th Cir.1992)).

4

**IV. Discussion**

Plaintiff Commission seeks summary judgment determining that both the restitution and the costs owing by Defendant Stasson under the Attorney Discipline Board's Order are nondischargeable debts under § 523(a)(7). Defendant Stasson seeks summary judgment to the contrary, against the Commission. Plaintiff Basquin has not moved for summary judgment, but he and Stasson have stipulated that the Court's decision on the pending summary judgment motions will be binding with respect to Basquin's nondischargeability claim under § 523(a)(7).[2]

Exceptions to discharge, including the exceptions under § 523(a)(7), "are to be strictly construed against the creditor." *See Rembert v. AT&T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998)(citing *Manufacturer's Hanover Trust v. Ward* (*In re Ward*), 857 F.2d 1082, 1083 (6th Cir. 1988)). The creditor must prove each of the elements under § 523(a)(7) by a preponderance of the evidence. *See id.* (citing *Grogan v. Garner*, 498 U.S. 279, 291 (1991)).

Section 523(a)(7) states, in pertinent part, that:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

11 U.S.C. § 523(a)(7).

The Court will discuss each component of Stasson's debt — restitution and costs — separately.

---

[2] *See* Final Pretrial Order filed in Case No. 11-6273 (Docket # 62) at 4.

**A. The Order to pay "restitution" of $29,178.88 to Basquin**

This debt, based on the Attorney Discipline Board's Order that Stasson "pay restitution to complainant Donald Basquin in the amount of $29,178.88," clearly does not fall within § 523(a)(7), for three independent reasons. First, it is not a debt that is "payable to" a governmental unit, as required by § 523(a)(7). Rather, it is payable to Donald Basquin. For this reason alone, the Court must conclude that § 523(a)(7) does not apply.

Second, this debt is not "for the benefit of a governmental unit," as required by § 523(a)(7). It is obviously for the benefit of Donald Basquin, and only Donald Basquin.

Third, this debt is "compensation for actual pecuniary loss," which also makes § 523(a)(7) inapplicable. This "restitution" portion of the Order is clearly intended to compensate Donald Basquin for his loss. It is not penal in nature. The Michigan Court Rules only reinforce this conclusion — they state that "[d]iscipline for misconduct **is not intended as punishment** for wrongdoing, but for the protection of the public, the courts, and the legal profession." Mich.Ct.R. 9.105(A)(emphasis added).

The "restitution" debt in this case is, for all purposes that matter, similar to the legal-malpractice judgment debt that the attorney-debtor owed to his client in *Hughes v. Sanders*, 469 F.3d 475 (6th Cir. 2006), *cert. denied*, 549 U.S. 1341 (2007). The Sixth Circuit in *Hughes* held that § 523(a)(7) did not apply to such debt, because it was not "payable to and for the benefit of a governmental unit," and because it was "compensation for actual pecuniary loss." 469 F.3d at 477-79. And the Sixth Circuit discussed at length the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36 (1986). *Kelly* held that *criminal* restitution to be paid *to a state agency* was nondischargeable under § 523(a)(7). *Kelly* held that such criminal restitution was not

"compensation for actual pecuniary loss" within the meaning of § 523(a)(7). The Sixth Circuit held that *Kelly* "applies narrowly to criminal restitution payable to a governmental unit." 469 F.3d at 478.

This Court is bound by the Sixth Circuit's holding in *Hughes*, and by that court's interpretation of the Supreme Court's decision in *Kelly*. Under *Hughes*, restitution ordered in a non-criminal proceeding,[3] that is not payable to a governmental unit, is **not** nondischargeable under § 523(a)(7).

**B. The order to pay "costs" of $4,477.56 to the State Bar of Michigan**

This debt is based on the Attorney Discipline Board's Order that Stasson pay "costs" to the State Bar of Michigan in the amount of $4,477.56. The parties agree that this debt is "payable to and for the benefit of a governmental unit," within the meaning of § 523(a)(7). But Defendant Stasson argues that this debt is "compensation for pecuniary loss," so that § 523(a)(7) does not apply. Plaintiff Commission disagrees.

In Michigan, "costs" that are assessed against an attorney found guilty of misconduct in a disciplinary proceeding have two components. The first component is for "basic administrative costs," in a fixed amount, depending on the type of proceeding. Mich.Ct.R. 9.128(B). For a proceeding in which an order imposes discipline other than by consent, for example, the amount is $1,500.00. Mich.Ct.R. 9.128(B)(1)(b). The second component of costs is "expenses actually incurred by the board, the commission, a master, or a panel for the expense of that investigation,

---

[3] The Plaintiffs have conceded that attorney discipline proceedings in Michigan are not criminal proceedings, although they argue that such proceedings are "quasi-criminal." It is not clear what this means, but clearly it is not the same thing as a criminal proceeding, such as the criminal prosecution for larceny in the *Kelly* case.

7

hearing, review and appeal, if any." Mich.Ct.R. 9.128(B).

It is clear that the assessment of costs against an attorney in a Michigan disciplinary proceeding is one of the ways in which the State Bar of Michigan pays for the cost of operating its disciplinary system, including administrative, overhead-type expenses, and certain actual costs incurred in the particular disciplinary proceeding. Plaintiff Commission does not dispute this, but points out that bar dues assessed against all Michigan attorneys also help fund the disciplinary system. *See also* Mich.Ct.R. 9.105(B)("The legal profession, through the State Bar of Michigan, is responsible for the reasonable and necessary expenses of the [Attorney Discipline Board], the [Attorney Grievance Commission], and the [grievance administrator], as determined by the Supreme Court.")

The costs assessed in disciplinary proceedings certainly are compensatory *in their effect*, and the *purpose* of such costs clearly appears to be to compensate the State Bar of Michigan for the expenses of the disciplinary proceeding. Despite this, Plaintiff Commission argues that such costs are not "compensation for pecuniary loss" and are a "fine, penalty or forfeiture" under § 523(a)(7). The Commission draws an analogy between the costs assessed against Defendant Stasson for her disciplinary proceeding, and the criminal restitution in the *Kelly* case, discussed above, which the Supreme Court held to be non-compensatory under § 523(a)(7). And the Commission cites cases that support its position, including *State of Michigan v. Doerr (In re Doerr)*, 185 B.R. 533 (Bankr. W.D. Mich. 1995).

Defendant Stasson, on the other hand, cites contrary cases, including the recent case, *Love v. Scott (In re Love)*, 442 B.R. 868 (Bankr. M.D. Tenn. 2011). The *Love* case discussed this issue and the case law at great length, and held that § 523(a)(7) did not apply to costs assessed

8

against an attorney in a Tennessee disciplinary proceeding. Rather, the court held, such costs were "compensation for actual pecuniary loss."

The Court finds persuasive, and agrees with, the *Love* court's discussion of the cases and issues on this subject, including *Love's* discussion of *Kelly*; the Sixth Circuit's interpretation of *Kelly* in the *Hughes* case (also discussed in this opinion above); and numerous lower court cases on this subject. And the Court agrees with *Love's* reasoning in concluding that the costs in the case before it were "compensation for actual pecuniary loss." The Court finds unpersuasive the Plaintiff Commission's effort to distinguish *Love* from this case.

Based on the reasoning and discussion in the *Love* case, this Court concludes that Defendant Stasson's debt for costs to the State Bar of Michigan is "compensation for pecuniary loss" within the meaning of § 523(a)(7). In addition, the Court concludes that this ruling is consistent with the Sixth Circuit's command that exceptions to discharge under § 523(a) "are to be strictly construed against the creditor." *Rembert*, 141 F.3d at 281.

For these reasons, the Court concludes that Defendant Stasson's debt for "costs" is **not** nondischargeable under § 523(a)(7).

## V. Conclusion

For the reasons stated in this opinion, the Court will enter an order denying Plaintiff Commission's motion for summary judgment, and granting Defendant Stasson's motion for summary judgment.

**Signed on March 9, 2012**                    /s/ Thomas J. Tucker
                                                                               **Thomas J. Tucker**
                                                                               **United States Bankruptcy Judge**